**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **Plaintiff,** | **CASE NUMBER: 3:17CR002-001** |
| | **USM Number: 16733-027** |
| **vs.** | |
| **WILLIAM WESTLEY DILL** | **MICHAEL J TUSZYNSKI** |
| **Defendant.** | **DEFENDANT'S ATTORNEY** |

### JUDGMENT IN A CRIMINAL CASE

**THE DEFENDANT** pleaded guilty to count 1 of the Indictment on June 28, 2017.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title, Section & Nature of Offense | Date Offense Ended | Count Number(s) |
|---|---|---|
| 18:2252(a)(4)(B) POSSESSION OF CHILD PORNOGRAPHY | July 27, 2016 | 1 |

The defendant is sentenced as provided in pages 2 through 8 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS ORDERED** that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in economic circumstances.

January 10, 2018
_____
Date of Imposition of Judgment

s/ Jon E. DeGuilio
_____
Signature of Judge

Jon E. DeGuilio, United States District Judge
_____
Name and Title of Judge

January 10, 2018
_____
Date

Case Number: 3:17CR002-001
Defendant: WILLIAM WESTLEY DILL                                                Page 2 of 8

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **90 months.**

The Court makes the following recommendations to the Bureau of Prisons:  That the Bureau of Prisons designate as the place of the defendant's confinement, if such placement is consistent with the defendant's security classification as determined by the Bureau of Prisons, a facility where he may receive a mental health evaluation and counseling, as deemed necessary; sex offender specific treatment; and that the defendant be placed in a facility as close as possible to his family in the Northern District of Indiana, specifically FCI Milan, to facilitate regular family visitation.

The Court leaves it to the BOP to calculate any credit for time served.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

  Defendant delivered _____ to _____ at _____, with a certified copy of this judgment.

  _____
  UNITED STATES MARSHAL

  By: _____
  DEPUTY UNITED STATES MARSHAL

Case Number: 3:17CR002-001
Defendant: WILLIAM WESTLEY DILL                                        Page 3 of 8

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **10 years.**

## CONDITIONS OF SUPERVISION

1. The defendant shall not commit another federal, state, or local crime.

2. The defendant shall not unlawfully possess a controlled substance.

3. The defendant shall not unlawfully use any controlled substance, including marijuana, and shall submit to one drug test within 15 days of the beginning of supervision and at least 2 periodic tests after that for use of a controlled substance.

4. The defendant shall cooperate with the probation officer with respect to the collection of DNA.

5. The defendant shall report to the probation officer in the manner and as frequently as the court or the probation officer directs, and shall notify the probation officer within 48 hours of any change in residence, employer, position or location of employment and within 72 hours of being arrested or questioned by a police officer.

6. The defendant shall not knowingly travel outside the district without the permission of the probation officer, who shall grant such permission unless the travel would hinder the defendant's rehabilitation or present a public safety risk.

7. The defendant shall answer truthfully any inquiry by the probation officer pertaining to the defendant's supervision and conditions of supervision, and shall follow the instruction of the probation officer pertaining to the defendant's supervision and conditions of supervision. This condition does not prevent the defendant from invoking the Fifth Amendment privilege against self-incrimination.

8. The defendant shall permit a probation officer to meet the defendant at home or any other reasonable location and shall permit confiscation of any contraband the probation officer observes in plain view. The probation officer shall not conduct such a visit between the hours of 11:00 p.m. and 7:00 a.m. without specific reason to believe a visit during those hours would reveal information or contraband that wouldn't be revealed through a visit during regular hours.

9. The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon (meaning an instrument designed to be used as a weapon and capable of causing death or serious bodily harm).

10. The defendant shall participate in a General Equivalency Degree (GED) Preparation Course, at the defendant's own expense, and attempt to obtain a GED within the first year of supervision. Failure to pay these fees shall not be grounds for imprisonment unless the failure is willful.

11. The defendant shall register with local law enforcement agencies and the state attorney general, as directed by the probation officer.

Case Number: 3:17CR002-001
Defendant: WILLIAM WESTLEY DILL                                      Page 4 of 8

12. The defendant shall participate in sex offender testing and evaluations to include psychological, behavioral assessments and/or polygraph examinations. The defendant shall enter and attend sex offender specific group and individual counseling at an approved outpatient treatment program, unless not warranted from the testing, evaluation and assessments, and shall abide by all program requirements and restrictions. The court shall receive notification of the defendant's assessments.  The defendant shall pay all or part of the costs for participation in the program not to exceed the sliding fee scale as established by the Department of Health and Human Services and adopted by this court. Failure to pay for these services shall not be grounds for revocation unless the failure is willful.

13. Defendant may only have personal access to internet services approved, in advance, by the probation officer. The probation officer shall have access to all the defendant's electronic devices with internet access, at any time, with or without notice, to enable verification of compliance with this condition.

14. It is further ordered that the defendant shall pay restitution to the United States District Court Clerk's Office, South Bend, Indiana, which shall be due immediately, to be disbursed to the following victim(s), Victim 1 Sarah, Victim 2 Sierra, Victim 3 Savannah, Victim 4 Skylar, Victim 5 Sally, Victim 6 Jane, Victim 7 Fiona, Victim 8 Casseaopeia, and Victims 9 (Erika and Tori) in the amount of $45,000.00, $5,000.00 for each victim (except Erika and Tori are splitting the amount, $2,500 for each).  The defendant shall commence restitution payments in the manner and schedule as determined by the Court.  The imposed payment schedule will remain in effect until such time as the Court is notified by the defendant, victim, or government that there has been a material change in the defendant's ability to pay.  Restitution shall be paid at a minimum rate of $100.00 per month commencing 60 days after placement on supervision until said amount is paid in full. Failure to pay according to this condition shall not be grounds for imprisonment unless the failure is willful.

The Probation Department is ordered to provide the Court, at least annually, with a report of the defendant's performance on supervised release, including the status of counseling and therapy.

Within 72 hours of defendant's release from prison, the probation officer is to meet with and remind the defendant of the conditions of his supervision and also to consider whether to recommend to the Court any modifications of or additions to those conditions in light of any changes in the defendant's circumstances since the sentencing hearing.  Consistent with *United States v. Siegel* (7th Cir. May 29, 2014), the Court also directs the Probation Office to notify the Court within 30 days of defendant's placement on supervision so that it may consider any appropriate modifications to the defendant's supervised release and schedule a hearing on that topic, if necessary.  The defendant may also request a modification of these conditions at any time by filing a written motion with the Court.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $100.00 | NONE | $45,000.00 |

The defendant shall make the special assessment payment payable to Clerk, U.S. District Court, 102 Robert A. Grant Courthouse, 204 South Main Street, South Bend, IN 46601. The special assessment payment shall be due immediately.

## FINE

No fine imposed.

## RESTITUTION

Restitution in the amount of $45,000.00 is hereby imposed.

The defendant shall make restitution payments (including community restitution, if applicable) payable to Clerk, U.S. District Court, 102 Robert A. Grant Courthouse, 204 South Main Street, South Bend, IN 46601, for the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Victim 1 Sarah | | 5,000.00 | |
| Victim 2 Sierra | | 5,000.00 | |
| Victim 3 Savannah | | 5,000.00 | |
| Victim 4 Skylar | | 5,000.00 | |
| Victim 5 Sally | | 5,000.00 | |
| Victim 6 Jane | | 5,000.00 | |
| Victim 7 Fiona | | 5,000.00 | |
| Victim 8 Casseaopeia | | 5,000.00 | |
| Victims 9 Erika & Tori | | 5,000.00 | |
| **Totals** | | $45,000.00 | |

The Clerk must direct the payments for Sarah, Sierra, Savannah, Skylar, and Sally to the attention of Carol L. Hepburn, in trust of the identified victims, at 200 First Avenue West, Suite 550, Seattle, WA 98119 (see DE 39 at 4), and direct the payments for Jane, Fiona, Casseaopeia, and Erika/Tori to the attention of Marsh Law Firm PLLC, in trust of the identified victims, P.O. Box 4668 #65135, New York, NY 10163-4668 (see DE 56 at 7).

Case Number: 3.17CR002-001
Defendant: WILLIAM WESTLEY DILL                                                      Page 6 of 8

**Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

## FORFEITURE

The defendant shall forfeit the defendant's interest in the following property to the United States:

**1. A 500 gigabyte Samsung 850 EVO Solid State Hard Drive, Serial Number S2RANX0H444565M;**

**2. A 256 gigabyte Samsung 850 Pro Solid State Hard Drive, Serial Number S1SUNSAFC77617X; and**

**3. A Sandisk USB thumb drive.**

Case Number: 3:17CR002-001
Defendant: WILLIAM WESTLEY DILL                                                    Page 7 of 8

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A   Lump sum payment of $45,000.00 due immediately, balance due, in accordance with B below;

B   Payment in equal monthly installments of not less than $100.00, to commence 60 days after placement on supervision;


The defendant may also make payments for his financial obligations imposed herein from any wages he may earn in prison in accordance with the Bureau of Prisons Financial Responsibility Program, although participation in that program is voluntary. The defendant should note that failure to participate in the Financial Responsibility Program while incarcerated may result in the denial of certain privileges to which he might otherwise be entitled while imprisoned, and that the Bureau of Prisons has the discretion to make such a determination.  Any portion of the defendant's financial obligations not paid in full at the time of the defendant's release from imprisonment shall become a condition of supervision.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order:  (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Case Number: 3:17CR002-001
Defendant: WILLIAM WESTLEY DILL                                                    Page 8 of 8

Name:<u>WILLIAM WESTLEY DILL</u>
Docket No.:<u>3:17CR002-001</u>

# ACKNOWLEDGMENT OF SUPERVISION CONDITIONS

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

I have reviewed the Judgment and Commitment Order in my case and the supervision conditions therein.  These conditions have been read to me.  I fully understand the conditions and have been provided a copy of them.

(Signed)

_____            _____
Defendant                                                                  Date


_____            _____
U.S. Probation Officer/Designated Witness                        Date